E-FILED
Thursday, 24 January, 2019  10:27:16 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

CODY JOHNSON,

    Plaintiff,

v.

                                          Case No. 4:19-cv-04017

HUNTER WARFIELD, INC.,

    Defendant.

## COMPLAINT

NOW COMES Plaintiff, CODY JOHNSON, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, HUNTER WARFIELD, INC., as follows:

## NATURE OF THE ACTION

1.      This action seeks damages for Defendant's violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.;* and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq*.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.      Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4.      CODY JOHNSON ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this judicial district.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7.      HUNTER WARFIELD, INC. ("Defendant") is a foreign corporation with its principal place of business in Tampa, Florida.

8.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9.      Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

10.     At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 5521.

11.     At all times relevant, Plaintiff's number ending in 5521 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

12.     At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

13.     In 2010 or 2011, Plaintiff fell into default on a Rental Lease Agreement with Macomb Properties I LLC before vacating the Property with an unpaid balance.

14.     This amount owed Macomb Properties I LLC is a "debt" as defined by 15 U.S.C. § 1692a(5).

15.     In or before Spring 2018, Macomb Properties I LLC placed Plaintiff's balance with Defendant for collection.

16.     Defendant phoned Plaintiff; Plaintiff answered and was greeted by clear pause prior to being connected to Defendant's representative.

17.     During this call, Plaintiff explained financial hardship, an inability to make payments, then politely requested that Defendant stop calling.

18.     Defendant failed to mail Plaintiff a written validation notice within five days of this call.

19.     Despite Plaintiff's Spring 2018 request that they stop calling, Defendant placed no less than 10 additional phone calls to Plaintiff in an attempt to collect debt.

20.     Each time, Defendant used caller ID spoofing to make it appear that Defendant's phone calls were coming from its collection calls were coming from a local number.

21.     On January 22, 2019, Plaintiff answered Defendant's call.  Unemployed; however, wanting to resolve this matter, Plaintiff offered Defendant a nominal amount to settle this debt.

22.     Defendant responded by rejecting Plaintiff's modest overture, informing Plaintiff that (1) interest will continue to accrue; and (2) phone calls will continue till this debt is paid.

## DAMAGES

23.     Defendant's collection calls have severely disrupted Plaintiff's everyday life and overall well-being.

24.     Defendant's telephone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased work productivity, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

25.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692d(5)

26.     Section 1692d provides:

> [a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.   Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

27.     Defendant violated 15 U.S.C. § 1692d(5) by placing no less than 10 phone calls to Plaintiff in spite of Plaintiff's demand(s) that they stop.

28.     Defendant's behavior of repeatedly calling Plaintiff was abusive, harassing, and oppressive.

### Violation(s) of 15 U.S.C. § 1692e

29.     Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

4

15 U.S.C. § 1692e(10).

30.     Defendant violated 15 U.S.C. § 1692e(10) by utilizing caller ID spoofing to induce Plaintiff to answer phone calls it might otherwise reject.

31.     Specifically, Defendant utilized caller ID spoofing to conceal the purpose of its phone calls.

**Violation(s) of 15 U.S.C. § 1692g(a)**

32.     Section 1692g(a) provides:

> [w]ithin five days of a debt collector's initial communication with a debtor (referred to in the FDCPA as a "consumer"), the debt collector must send the consumer a written "validation notice" setting forth, among other things, the consumer's right to dispute the debt.

15 U.S.C. § 1692g(a).

33.     Defendant violated 15 U.S.C. § 1692g(a) by failing to send Plaintiff written "validation notice" within five days of Defendant's initial communication.

34.     Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692d(5), e(10) and g(a) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

       (A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

5

A.      a finding that Defendant violated 15 U.S.C. §§ 1692d(5), e(10) and g(a);

B.      an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.      an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.      an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.      an award of such other relief as this Court deems just and proper.

## COUNT II:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

35.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

36.     Defendant placed or caused to be placed no less than 10 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

37.     Upon information and belief, based on the lack of prompt human response, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

38.     Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause.

39.     Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

6

40.     As a result of Defendant violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

41.     As a result of Defendant's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A.     a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B.     an award of statutory damages of at least $500.00 for each and every violation;

C.     an award of treble damages of up to $1,500.00 for each and every violation; and

D.     an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

January 24, 2019                                         Respectfully submitted,

*/s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Cody Johnson*